# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-1005V
### (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
PETER A. VOSS,                        *       Special Master Corcoran
                                      *
                                      *
                Petitioner,           *       Filed: July 26, 2017
                                      *
        v.                            *       Decision; Attorney's Fees and Costs.
                                      *
                                      *
SECRETARY OF HEALTH AND               *
HUMAN SERVICES,                       *
                                      *
                Respondent.           *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Scott B. Taylor*, Urban and Taylor, S.C., Milwaukee, WI, for Petitioner.

*Sarah C. Duncan*, U. S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS [1]

On August, 15, 2016, Peter Voss filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Program"), alleging that he suffered from Guillain-Barré syndrome as a result of his January 6, 2015 receipt of the Tetanus-diphtheria-acellular-pertussis ("Tdap") vaccine.[2] The parties eventually filed a stipulation for damages on June 27, 2017 (ECF No. 18), which I adopted as my decision awarding damages on June 28, 2017. ECF No. 20.

---

[1] Although this Ruling has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Ruling in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated July 6, 2017. *See* ECF No. 24 ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $38,289.74 (representing $35,836.00 in attorney's fees, plus $2,453.74 in costs). *Id*. at 1. In accordance with General Order No. 9, Petitioner represents that he has not incurred any personal litigation expenses in conjunction with this proceeding. *Id*. at Ex. D. Respondent filed a pleading reacting to the fees request on July 24, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 26 at 2-3.

As a successful Vaccine Program Petitioner, Mr. Voss is entitled to an award for fees and costs. Petitioner's counsel is located in Milwaukee, Wisconsin, which has been found to be an "in-forum" location for purposes of determining the appropriate attorney hourly rate. *See, Manning v. Sec'y of Health & Human Servs.*, No. 14-753V, 2016 WL 4527582, at *3, n. 3 (Fed. Cl. Spec. Mstr. July 29, 2016) (forum rates are appropriate for Milwaukee, Wisconsin, but the requested rate should be lowered consistent with Mr. Taylor's experience in the Program); *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (establishing forum rates for Program cases). But it remains to be determined whether the rates requested are otherwise reasonable.

### A. Requested Hourly Rates

Here, Petitioner requests $375 per hour for 30.4 hours of work performed in 2015, $385 for 37.6 hours of work performed in 2016, and $400 per hour for Mr. Taylor for 24.9 hours of work performed in 2017.[3] Fees App., Ex. B. Petitioner requests hourly rates for 2015-2016 that are consistent with the forum rates, and with what Mr. Taylor was awarded in *Manning*. But Special Master Hastings's reasoning in *Manning* should be extended further—Mr. Taylor's hourly rates should be slightly lowered commensurate with his experience in the Program.

### B. Petitioner's Experience Overall and in the Program

As discussed in his fees application, Mr. Taylor has been a licensed attorney in Wisconsin since 1992, but was admitted to the Court of Federal Claims in 2008. Fees App. at Ex. A. Thus, Mr. Taylor has approximately 25 years of experience as an attorney, with about 10 years of that experience coming from the Program.

---

[3] Mr. Taylor's fee application states that his hourly rate for 2016 was $390, but his billing records reflect that he instead charged $385 per hour. I will thus adopt $385 as his hourly rate for 2016, as it appears to be how he calculated the total amount of fees he was requesting.

### C. *Appropriate Range for an Attorney with Mr. Taylor's Experience*

In *McCulloch*, Special Master Gowen created hourly rate ranges for Program attorneys for 2015-2017, which has now been posted as guide to Program attorneys on the Court's website, and has since been embraced by all the other Special Masters.[4]  In 2015, for attorneys with 20-30 years of experience the range is $350-$415. *McCulloch*, 2015 WL 5634323, at *19.

As described in *McCulloch*, to determine the appropriate range for an attorney a special master looks to the attorney's experience in the Program, the overall legal experience, and the quality of work of the attorney. *McCulloch*, 2015 WL 5634323, at *17. Applying those factors to Mr. Taylor, I find that he should be awarded fees on the lower end of the applicable range to account for the difference between his overall experience and his Program experience. While I am cognizant of Mr. Taylor's overall 25 years of experience as a licensed attorney, it would be unjust to award him the same rate as those attorneys with far more specific experience in the Program alone. Thus, I will award him $365 for 2015 and adjust that rate upwards for 2016-2017 based on the Produce Price Index-Office of Lawyers ("PPI-OL").[5]

The hours expended on this matter also appear to be reasonable, and Respondent did not identify any entries as objectionable. The requested litigation costs also appear to be reasonable, and will be awarded. I hereby GRANT IN PART Petitioner's motion for attorney's fees and costs and award them as listed below:

| Year | Number of Hours | Requested Rate | New Rate | Total |
|---|---|---|---|---|
| 2015 | 30.4 | $375 | $365 | ($365 x 30.4) = $11,096.00 |
| 2016 | 37.6 | $385 | $376 | ($376 x 37.6) = $14,137.60 |
| 2017 | 24.9 | $400 | $384 | ($384 x 24.9) = $9,561.60 |
| Reduction: $1,040.80 | | | | Grand Fees Total: **$34,795.20** |

Accordingly, an award of **$37,248.94** should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Scott B. Taylor, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for

---

[4] The chart can be found at http://www.uscfc.uscourts.gov/node/2914.

[5] The PPI-OL is a persuasive way to measure inflation of fees. I calculated the 2016 rates by multiplying the McCulloch rates by the PPI-OL index for September 2015 (200) and then dividing by the PPI-OL index for September 2014 (194.4), the month in which McCulloch was decided. I calculated the 2017 rates by multiplying the McCulloch rates by the PPI-OL index for September 2016 (204.5) and then dividing by the PPI-OL index for September 2015 (200). Resulting rates were then rounded to the nearest whole dollar. The PPI-OL data is available at www.bls.gov/ppi/#data. The industry code for "Offices of Lawyers" is 541110.

review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

       **IT IS SO ORDERED.**

/s/ Brian H. Corcoran<br>Brian H. Corcoran<br>Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.